GENERAL EXCHANGE INS. CORPORATION *v.* WILLIAMS.

(Division B. April 12, 1943.)

[13 So. (2d) 19. No. 35320.]

Jackson, Young, & Friend, of Jackson, for appellant.

**Ernest L. Shelton**, of Jackson, and **Colbert Dudley**, of Forest, for appellee.

**Griffith, J.,** delivered the opinion of the court.

Appellee owned a new Oldsmobile automobile, or practically new, since it had been in use only one week when destroyed by fire. The vehicle was insured by appellant against such loss, not for a fixed sum but only for its actual value as of the time of the loss. Appellant declined to pay, and defended on the ground that appellee himself, with the aid of an accomplice, had burned the prop-

erty, and as proof on that issue appellant depended upon a so-called confession by appellee, alleged to have been made about a week after the fire.

Each of us has read the entire record, and it may be that had we been on the jury we would have voted for the defendant, and on the ground that when taken with some of the undisputed collateral facts, the confession probably stated the truth about the matter as confessions often do, even when not entirely free and voluntary. But what we would have done is not the question now. The matter for determination by us is whether there was substantial evidence to support the verdict and whether the jury acted reasonably in considering and weighing that evidence.

And at the outset there are two difficulties, although not insurmountable, in accepting the theory that appellee burned the car. First, it was practically a new car of a popular make, and it is admitted that it was worth every dollar which appellee demanded of the company for its loss. What profit was there in it to him to burn it himself? And, in the second place, since he could easily have burned it without aid, why should he have taken along a negro accomplice, as the alleged confession averred, who might, upon slight inducement, reveal the facts if such were the facts?

But, more important, there are the circumstances under which the alleged confession was obtained. Appellant was brought to the sheriff's office in an adjoining county and was there confronted with the sheriff and three others, one a deputy sheriff, the other a highway patrolman, and the other a deputy fire marshal. One of these had been called by telephone "to help secure a confession." If what was being sought was a free and voluntary confession, why such an imposing force of those armed with the authority and implements of the law? And, according to their testimony, appellee declined to make any admissions but denied all guilt, even after a considerable period of grilling. Failing to get any ad-

missions from appellee, the sheriff, then in appellee's presence, telephoned the sheriff of the county wherein the crime was alleged to have been committed, stating that appellee was being immediately sent to be placed in the custody of the sheriff of the latter county, and appellee was thereupon delivered to the highway patrolman to be carried to the other sheriff.

Appellee begged to be taken by way of his home where the members of his family were ill, including an infant son, and in order that he might inform his family of what had happened and was happening, but this was refused. While on the way to the other county with the highway patrolmen, appellee then stated that if he were allowed to go home, he would change his statement, whereupon the patrolmen returned to the sheriff's office and appellee made and signed the confession so called upon which appellant relies, after which appellee was not only returned to his home but was there set free.

How is it then that when appellee had denied the charge and refused to make any admissions such as sought, he was ordered into the custody of the sheriff of the county wherein it was averred that the crime was committed, and yet when later he made and signed the admission or confession he was taken home and set free? It simply does not make sense, and we cannot say that the jury acted without substantial reason in throwing the supposed confession out of the window, as they evidently did, and as the jury on a previous trial had done.

Affirmed.